LYONS, Justice
(concurring specially).
One of Kent’s arguments that the majority does not address is his argument that the prosecution committed misconduct sufficiently prejudicial to constitute reversible error. I agree that the Court of Criminal Appeals correctly rejected that argument. I write specially, however, to address certain aspects of the prosecutors’ conduct.
The conduct about which Kent complains began during the State’s cross-examination of Kent’s wife. After the prosecutor asked several questions having to do with whether Mrs. Kent recalled telling a probation officer about certain corporations in which she and her husband were involved, to which Mrs. Kent answered “No,” Kent’s defense counsel objected and the judge overruled his objection. Counsel then asked for a sidebar conference and tried to move for a mistrial. The trial court did not allow him to make the motion at that time, however, saying that counsel could put his motion on the record later. The prosecutor then asked Mrs. Kent if she denied telling the probation officer about the Kents’ ownership in “the Wrought Iron Lounge,” to which Mrs. Kent responded by saying that she did not recall “that part of the conversation.” The prosecutor then asked what part of the conversation she recalled. Counsel objected; the trial court sustained the objection.
Then the prosecutor asked, “Do you recall telling [the probation officer] that neither you nor your husband lost custody of your two oldest children, and that was a lie, isn’t that true, Mrs. Kent?” Counsel objected; the trial court again sustained the objection. Counsel then moved for a mistrial, objecting to the questions about the corporations and to the question about the children’s custody. The trial court denied the motion.
The prosecutor then asked Mrs. Kent additional questions about the corporations, with counsel objecting to almost every question and the trial court overruling those objections. The prosecutor then returned to questions about what Mrs. Kent had told the probation officer in December 1992, to which Mrs. Kent responded by saying that she did not talk to the probation officer in 1992. When the prosecutor asked, “When did you talk to her?” the trial court sustained counsel’s objection. The prosecutor then asked additional ques *1068 tions about the Kents’ corporations and finally returned to questions about the Wrought Iron Lounge. At that point, the trial court again sustained counsel’s objection. The prosecutor argued that Mrs. Kent’s “truth” was at issue, but the trial court sustained an additional objection and the prosecutor ended her cross-examination. Later, outside the presence of the jury, counsel pointed out to the prosecutor that the Kents did not meet with the probation officer until December 1993.
During closing arguments, the prosecutor who had cross-examined Mrs. Kent stated, referring to Kent: “He’s a con man, and he’s done it all his life.” Counsel objected; the trial court sustained. Counsel then said, “And we move the jury be told not to — ”, at which point the trial court interrupted and said, “Well, I sustained the objection.” Later during closing arguments, the other prosecuting attorney in the case made this statement: “And you can consider that he was doing this in the broad daylight without a tarp covering up that piece of property that didn’t belong to him. But ... that’s how Oscar Kent has done things his entire life, boldly and he had a right to do it — ” Counsel objected; the trial court sustained the objection.
Kent relies upon Wysinger v. State, 448 So.2d 435 (Ala.Crim.App.1983), which states that a prosecutor’s putting prejudicial allegations before the jury without being prepared to prove them is generally reversible error. Wysinger goes on to hold, however, that even if a prosecutor’s conduct was improper, the extreme remedy of a mistrial is not always required and that not every violation of the rules is so “grossly prejudicial” that it requires a mistrial. An appellate court considers the impact of alleged prosecutorial misconduct in the context of the particular trial being reviewed and does not review it in the abstract. Id.
After reviewing the prosecutorial conduct described above, in the context of Kent’s trial, I conclude that the questions and comments objected to were not so “grossly prejudicial” that they amounted to reversible error. The prosecutor was entitled to ask questions to demonstrate what she alleged was Mrs. Kent’s bias and inclination to lie to protect her husband. See Perry v. Brakefield, 534 So.2d 602 (Ala.1988); George v. State, 598 So.2d 1050 (Ala.Crim.App.1992). Although the trial court sustained objections to some of those question's and comments, I do not think this Court can say that the questions and comments necessitated a mistrial. Compare Gillespie v. State, 549 So.2d 640 (Ala.Crim.App.1989) (during cross-examination of the defendant and of his wife, the prosecutor attempted to question them about an allegation of sexual abuse he said had been made against the defendant by the defendant’s then adult daughter, of which there apparently was no evidence and which the daughter denied, and about whether the defendant and his brother were members of the Ku Klux Klan; the Court of Criminal Appeals reversed the conviction).
Nevertheless, I write to make it clear to the prosecutors in this case that I cannot condone their actions. In Gillespie, the Court of Criminal Appeals reminded the State of the duties of a district attorney or an assistant district attorney in a criminal prosecution:
“ ‘The primary duties of the office of the District Attorney are to see that justice is done, and to see that the state’s case [is] properly presented to the court and jury as made by the evidence.... In the performance of his duties the District Attorney should treat the defendant fairly and the witnesses courteously, both in examination and in argument. The prosecuting attorney has a duty to be fair and impartial in presenting the evidence and in examining or cross examining witnesses. While he may not take unfair advantage of a defendant, he is under a duty to prosecute with earnestness and vigor.’ ”
549 So.2d at 641-42 (quoting Sprinkle v. State, 368 So.2d 554, 560 (Ala.Crim.App. *1069 1978), cert. quashed, 368 So.2d 565 (Ala.1979) (citations omitted)). I think the same reminder is warranted in this ease. The prosecutors’ actions described above created an issue for appellate review that, depending upon this Court’s assessment of the prejudicial effect of the questions and comments, ran the risk of reversal of an otherwise proper conviction. We are not reversing Kent’s conviction on the basis of prosecutorial misconduct. Nevertheless, in my judgment, it would serve the ends of justice for prosecutors, who are acting as representatives of the State, to temper their zeal in future eases by paying closer attention to a prosecutor’s obligation of fairness.